Harold P. Kelly, J.
The plaintiff, American Federation of Teachers at Buffalo (AFT), seeks a preliminary injunction to restrain the defendant Board of Education of the City of Buffalo (hereinafter referred to as the “ Board ”, from recognizing the defendant Buffalo Teachers Federation (BFT) as the certified representative of public school teachers in the City of Buffalo, and restraining the Board from discontinuing its prior practice of checking off membership dues of its employees to plaintiff, pending the outcome of the subjeqt action. The complaint of the plaintiff in its action asks that the election of June 6, 1967 be declared void; that the Board be directed to hold a new election ; that until such second election the Board be enjoined from recognizing the BFT as certified representative of the teachers, » and discontinuing the practice of voluntary checkoff of membership dues to plaintiff of its members. Both defendants seek an order dismissing the plaintiff’s complaint.
Both the plaintiff and the defendant, BFT, are organizations that have represented various teachers in the Buffalo public school system in the past with the consent of the Board of Education. The Board on a voluntary basis deducted membership dues for the two teachers’ organizations and paid them to the respective organizations. Neither the BFT nor the AFT was recognized as the exclusive bargaining agent for the public school teachers, but the Board on a voluntary basis consulted with representatives of both organizations. Sometime in October, 1966, the Board of Education decided to give the teachers an opportunity to indicate whether they wished to be represented by any organization for the purposes of professional negotiations. A referendum by the teachers was held which indicated that the teachers wished to be represented by an organization for such purposes. The Board, with the close co-operation, consent and urging of the BFT and the AFT, decided to hold an election to determine which of the two organizations should be the exclusive representative of the public school teachers. On April 21,1967 the Public Employees’ Fair Employment'Act (Civil Service Law, art. 14) was signed by the Governor to become effective September 1, 1967 except for that part of the act creating the State Public Employment Relations Board which was effective April 21, 1967. After considerable negotiation in setting up the election ‘ ‘ ground rules ’ ’ in which both BFT and AFT took part and consented to an election which was held on June 6, 1967 under the control of the American *1061 Arbitration Association. The result of said election, certified to the Board, showed that the defendant, BFT, was the winner of the election, and the Board by resolution on June 15, 1967 recognized the BFT as the unit to represent the teachers for collective negotiations and conferred upon it all rights provided for under section 208 of the Public Employees’ Fair Employment Act of the State of New York. The Board on September 13, 1967 reaffirmed its designation of the BFT as the exclusive negotiating unit and at the same time by resolution adopted the policy that payroll deductions for membership dues would be limited to the organization recognized by the Board as the exclusive representative of the teaching personnel of the Buffalo public schools.
The plaintiff at no time protested the acts of the Board nor does it claim any irregularity in the conduct or the results of the election in which it fully participated and approved. It is the position of the plaintiff that the election of June 6, 1967 is void because it was held prior to September 1,1967, the effective date of the statute (Civil Service Law, art. 14).
It is the opinion of this court that there was nothing in the law of the State of New York prior to September 1, 1967 to prevent or prohibit a public employer from voluntarily recognizing an employees ’ representative organization. In fact, there were hundreds of such local organizations in the State of New York prior to the enactment of the Public Employees’ Fair Employment Act. The tenor of this statute is that the public employees now have a right to organize and to be represented by such organization in their negotiations with the public body or agency. Before the enactment the public body or agency could decide whether or not to bargain or negotiate with the employees’ representative. The defendant, Board of Education of the City of Buffalo, under the broad and extensive powers vested in it had the right, if it voluntarily elected to do so, to recognize a teachers’ representative organization before the passage of the Public Employees’ Fair Employment Act.
A reading of the subject statute does not disclose any prohibition against recognizing the winner of an election for bargaining representative conducted prior to September 1, 1967. Very pertinent to this decision of the Board to recognize the winner of the election of June 6, 1967 and the Board’s reafiirmance of this decision on September 13, 1967 are the following parts of section 207 of the Civil Service Law.
“ § 207. Determination of representation status.
“ For purposes of resolving disputes concerning representation status, pursuant to section two hundred five or two hundred *1062 six of this article, the board or government, as the case may be, shall
* ft *
11 2. ascertain the public employees ’ choice of employee organization as their representative (in cases where the parties to a dispute have not agreed on the means to ascertain the choice, if any, of the employees in the unit) on the basis of dues deduction authorization and other evidences, or, if necessary, by conducting an election.”
A reading of this section shows that the preferred way to resolve disputes concerning representation status is where the parties to the dispute have agreed on the means to ascertain the choice. In the instant case, all of the parties agreed to the holding of the election on June 6, 1967 to determine the question of whether BFT or AFT was to represent the teachers. All of the parties were aware that the statute had become the law at the time they participated in the election and that it was intended that the election was to be the means of determining the representative as provided for in the statute. This was the method agreed to by the plaintiff and the defendants. The fact that it was agreed to hold the election before September 1, 1967 does not in any way affect the validity of the agreement or the election.
It should be pointed out that the Board under the statute would be free to use other methods than an elections to determine the representation status, if it had decided to do so.
Under subdivisions 2 and 3 of section 207 of the Civil Service Law, the Board has the power to certify or recognize the employee organization (BFT) upon a determination that such organization represents the employees it claims to represent by “ other evidences ”.
The plaintiff has not shown to the Board or to the court that it now represents a majority of the employees of the Board. Until there is such a showing by the plaintiff, there is no legal reason under the law or the statute why it should not continue to recognize the defendant, BFT, as the exclusive bargaining organization for the public school teachers.
The court has considered the effect of section 2562 of the Education Law on the present proceeding and action, and it is of the opinion that, because of the broad language, 1 ‘ for any cause whatever ” of the section, it has application to the instant matter.
There are several other points that have been raised on this motion that should be disposed of at this time. First, it appears that the Buffalo City Ordinance entitled “ Ordinance Creating Buffalo Public Employment Relations Board,” item 172 C.C.P. of July 18, 1967, does not have any legal effect on the *1063 present problem for the reasons: that the Public Employment Relations Board in the State Department of Civil Service has not determined that the provisions and procedures of the ordinance are substantially equivalent to the provisions and procedures of chapter 392 of the Laws of 1967 as required by the last paragraph of the ordinance; also the teachers of the public schools of the City of Buffalo are not such “ public employees ” as are covered by the ordinance.
In view of the fact that the ordinance cited above does not apply to the present matter for the reason given and also because the Board of Education has not set up procedures under section 206 of the Civil Service Law, it would appear that the Public Employment Relations Board in the State Department of Civil Service could entertain a proper application to settle a dispute under section 205 (subd. 5, par. [c]). But it should be pointed out that the jurisdiction of the State Board can only be invoked under this subdivision 1 ‘ upon request of any employee organization or other government or public employer involved.” None of the parties to this action have elected to utilize the State board but instead have appealed directly to this court for a determination.
For all of the reasons stated above, the motions of the defendants are granted.